11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

James Robert McCarty

Appellant

Vs.                   No. 11-02-00003-CR --  Appeal from Erath County

State of Texas

Appellee

 

After the
trial court denied his motion to suppress evidence, appellant pleaded guilty to
the offense of driving while intoxicated pursuant to a plea bargain
agreement.  In accepting the plea
bargain, the trial court granted appellant permission to appeal adverse rulings
on pretrial motions.  Appellant
complains of the trial court=s denial of his motion to suppress in his sole issue on appeal.  Specifically, he attacks the basis of the
initial traffic stop which led to his arrest. 
We affirm.

Officer
Orlando Gaitan of the Stephenville Police Department testified that he
responded to a burglary alarm call at a local welding business at approximately
3:00 a.m. on May 26, 2000.  Upon
arriving at the business, Officer Gaitan discovered that a rock had been thrown
against a window in a door causing the alarm to be activated.   An inspection of the business revealed that
a theft had not occurred.  As he was
leaving the business, Officer Gaitan observed a pickup being driven near the
business.  He testified that he did not
see any other vehicles in the area at the time.  Officer Gaitan observed two juveniles riding in the bed of the
pickup.  He recognized one of the
juveniles as being a suspect in some other local burglaries.  Officer Gaitan then stopped the pickup for
investigative purposes in connection with the attempted burglary of the welding
business.  He subsequently determined
that appellant was driving the pickup under the influence of marihuana.  








At a
suppression hearing, the trial court is the sole and exclusive trier of fact
and judge of the credibility of the witnesses and their testimony.  See Maxwell v. State, 73 S.W.3d 278, 281
(Tex.Cr.App.2002); Allridge v. State, 850 S.W.2d 471, 493 (Tex.Cr.App.1991), cert.
den=d, 510 U.S. 831 (1993).  We give
almost total deference to a trial court=s ruling on questions of historical fact and application-of-law-to-fact
questions that turn on an evaluation of credibility and demeanor while we
review de novo application-of-law-to-fact questions that do not turn upon
credibility and demeanor.   See Johnson
v. State, 68 S.W.3d 644, 652-53 (Tex.Cr.App.2002); Guzman v. State, 955 S.W.2d
85, 89 (Tex.Cr.App.1997).  Since the
trial court did not make explicit findings of fact, we review the evidence in a
light most favorable to the trial court=s ruling.  See Maxwell v. State,
supra at 281; State v. Ballard, 987 S.W.2d 889 (Tex.Cr.App.1999).  

Both
federal and state law permit police officers to stop and briefly detain persons
suspected of criminal activity on less information than is constitutionally
required for probable cause to arrest. 
Terry v. Ohio, 392 U.S. 1, 22‑26 (1968);  Garza v. State, 771 S.W.2d 549, 558 (Tex.Cr.App.1989).  Accordingly, the individual officer must
have a reasonable suspicion that Asome activity out of the ordinary is occurring or has occurred, some
suggestion to connect the detainee with the unusual activity, and some
indication the unusual activity is related to crime.@ 
Terry v. Ohio, supra at 21‑22; Davis v. State, 947 S.W.2d 240, 244
(Tex.Cr.App.1997).  An appellate court
looks to the totality of the circumstances to determine whether a stop is
supported by reasonable suspicion. 
United States v. Sokolow, 490 U.S. 1 (1989); Woods v. State, 956 S.W.2d
33, 38 (Tex.Cr.App.1997);  Shaffer v.
State, 562 S.W.2d 853, 855 (Tex.Cr.App.1978). 
When viewed under the totality of the circumstances and in light of the
officer=s experience, there must be particular facts
and inferences rationally drawn from those facts that create a reasonable
suspicion that criminal activity is afoot. 
Terry v. Ohio, supra at 27; United States v. Juvenile T.K., 134 F.3d
899, 902 (8th Cir. 1998); Woods v. State, supra at 38.








Under the
totality of the circumstances presented to Officer Gaitan, a nine-year police
veteran, we conclude that he had sufficient reasonable suspicion for making the
initial traffic stop.  The factors which
he cited in justifying the stop included the time of day at which the incident
occurred, the proximity of appellant=s pickup to the scene, and the absence of other persons in the
area.  Individually, these matters
probably would not support a finding of reasonable suspicion.  See Klare v. State, 76 S.W.3d 68, 73-75
(Tex.App. B Houston [14th Dist.] 2002, pet=n ref=d).  However, courts have
recognized that these matters are factors which a court may consider in
determining if an officer=s suspicion is reasonable.  See
Klare v. State, supra.  These factors,
coupled with Officer Gaitan=s recognition of one of the pickup=s occupants as a suspect in other local burglaries, justified his
investigatory stop of the pickup. 
Appellant=s sole issue is overruled.  

The
judgment of the trial court is affirmed. 

 

W. G.
ARNOT, III

CHIEF
JUSTICE

 

March 6, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of: Arnot, C.J., and

Wright, J., and McCall, J.